**Jessie McDANIEL and Annie McDaniel, Plaintiffs,**

v.

**BLUE CROSS AND BLUE SHIELD OF ALABAMA, Defendant.**

**Civ. A. No. 89-0887-T.**

United States District Court, S.D. Alabama, S.D.

Jan. 9, 1992.

See also 780 F.Supp. 1360.

Donald C. Partridge, Mobile, Ala., for plaintiffs.

J. Edward Thornton, Forrest S. Latta, Mobile, Ala., for defendant.

## ORDER

DANIEL HOLCOMBE THOMAS, Senior District Judge.

On November 18, 1991, a trial was held in this matter. After hearing the evidence and carefully reading the parties' briefs, the Court finds that the plaintiffs are entitled to the requested relief. Therefore, the Court finds in favor of the plaintiffs, pursuant to the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

This case involves an employee welfare benefit plan under which the defendant, Blue Cross, denied the plaintiffs' claim for health insurance benefits. The plaintiffs' complaint arises under the Employee Income Security Act (ERISA) and alleges that Blue Cross, as plan administrator, improperly denied benefits.

The facts in this case are not in dispute. The McDaniels purchased insurance through a plan offered by Jessie McDaniel's employer, Automotive Wholesalers Association of Alabama (AAWA). Their insurance coverage became effective on January 1, 1987. The terms of the "Employee's Health Benefit Plan for Employees of Automotive Wholesalers Association of Alabama" mandates a 270-day waiting period before any pre-existing conditions are covered.

In April of 1987, Dr. Curtright, Ms. McDaniel's doctor, recommended that she undergo a complete hysterectomy. In arranging for her hospitalization, Ms. McDaniel requested pre-admission certification from Blue Cross. Before approving Ms. McDaniel's admission, Blue Cross requested information from Dr. Curtright. After reviewing this information, Blue Cross sent Ms. McDaniel a letter, dated March 23, 1987, stating:

Our Medical Review Staff received medical information from Dr. Curtright on your proposed admission to Mobile Infirmary on April 1, 1987. Based on that information and the latest information provided by your employer regarding your eligibility, the admission has been approved for the diagnosis submitted on the pre-admission certification form dated March 23, 1987. Payment will be assured for those days during which the admission is determined to be medically necessary for the patient's condition.... This approval is subject to the patient's eligibility for contract benefits on the admission date. Provision of all benefits is contingent upon timely premium payment by your employer.... Please present this letter to your hospital's Admitting Department when you go into the hospital.

Relying upon this letter, Ms. McDaniel entered the hospital and had surgery on April 1, 1987, incurring medical expense of $7,318.34.

The defendant's exposure under its policy was $5,016.80. After the surgery, Ms. McDaniel filed her claim for insurance benefits. Two nurses, employed by Blue Cross, reviewed Dr. Curtright's medical records on Ms. McDaniel and determined that her condition pre-existed the effective date of insurance coverage. Based primarily on the same information it used to approve Ms. McDaniel's treatment, Blue Cross denied her claim. Ms. McDaniel was notified of this decision in writing on August 27, 1987. After a request to review this denial, Blue Cross affirmed its decision, notifying Ms. McDaniel on November 10, 1987.

## CONCLUSIONS OF LAW

The initial issue is what standard of review should apply in this case. Blue Cross relies on *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), to support the application of the "arbitrary or capricious" standard of review. In *Bruch*, the Court held that the standard of review depends upon the language of the plan. If the plan language gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the plan, then the Court reviews

such determinations under the arbitrary or capricious standard. Under this standard, a fiduciary or plan administrator's decision is to be upheld unless the plaintiff proves that the decision is not reasonable or rationally based on the facts. The Court agrees that the arbitrary and capricious standard of review applies to this case because Blue Cross, as the plan administrator, has discretion to make eligibility determinations and construe the terms of the plan.[1]

██ Even though the arbitrary or capricious standard applies, the degree of deference actually exercised in application of this standard can be significantly diminished. Plaintiffs argue that the degree of deference should be diminished because Blue Cross' payment of claims directly affects its long term relationship with AAWA. Blue Cross counters that it is reimbursed for all claims paid and that its fee is calculated based on the percentage of claims paid. Therefore, the argument goes, it is in the interests of Blue Cross to pay claims.

██ The Court notes that it could not possibly be in the best interests of Blue Cross to pay every claim submitted. Nevertheless, even assuming there is no conflict of interest, the decision involved in denying the plaintiffs benefits was arbitrary and capricious.

The key documents in this case are the plan and certain materials sent by its administrator, Blue Cross, pursuant to provisions of the plan. Of most importance is the pre-admission certificate letter sent to Mr. McDaniel by Blue Cross. The pre-admission certificate letter stated that the admission of Mrs. McDaniel had been approved for the diagnosis submitted. The letter further stated, "[t]his approval is subject to the patient's eligibility for contract benefits on the admission date. Provision for all benefits is contingent upon timely premium payments by your Employer." The Court finds this letter to be ambiguous and misleading.

First of all, Blue Cross assures that benefits will be provided for all the days needed in the hospital. Then in unclear language disclaims this assurance. A reasonable person could read the above referenced letter and believe that eligibility for contract benefits depended only upon the Employer timely paying the premiums.

As further support for the holding that the language used by Blue Cross is ambiguous, the Court notes what the pamphlet on pre-admission certification says. The pamphlet states what steps a beneficiary must take to comply with the pre-admission procedure. After the beneficiary has provided the necessary information, Blue Cross informs her it will:

1. Review the submitted information to determine if the proposed inpatient admission is medically necessary. 2. Immediately contact your physician by telephone of our decision. 3. Send notification letter to you, your physician and your hospital of the decision (approval or denial). 4. Pay the claim for the approved admission when the hospital submits it for payment.

The above quoted language leads one to reasonably believe that payment will be forthcoming once the patient is given pre-admission certification.[2]

1. The plan in this case contains the following provision:
   SECTION IX—GENERAL PROVISIONS
   K. Administrator's Determination Final and Conclusive
   As a condition precedent to coverage, it is agreed that whenever the Administrator makes reasonable determinations which are not arbitrary or capricious in the administration of the Plan (including, without limitation, determinations whether services, care, treatment, or supplies are Medically Necessary, whether surgery is Cosmetic Surgery, or whether charges are reasonable), such determinations shall be final and conclusive.

This provision has been interpreted as giving Blue Cross discretionary authority to make such determinations as whether a claimant is eligible for benefits. *See Riley v. Blue Cross & Blue Shield of Alabama*, Mem.Op. Case No. 89–0033–BH, 1989 WL 269407 (S.D. Ala.1989) (Hand, J., District Judge).

2. Although not in evidence in this case, the Court received the 1991 pamphlet on Pre-admission Certification sent out by Blue Cross to federal employees. Effective January 1, 1991, the pre-admission requirement applies to feder-

**1366**

Comparing this language to the language in the letter sent by Blue Cross to Mr. McDaniel, the Court notes an obvious deletion. The materials submitted on pre-admission certification say nothing about this coverage being "subject to the patient being eligible for contract benefits on the admission date." Reading the language in the letter and pamphlet a beneficiary could reasonably believe that if she received pre-admission certification, she was at that point "eligible for contract benefits on admission date."

In summary, there are a multitude of interpretations a reasonable person could give to the multitude of statements made by Blue Cross. At best, the statements are confusing. At worst, they are deceiving. The beneficary remains unsure as to what standards or guidelines the defendant uses to determine coverage.

To summarize, the relevant issue is whether Blue Cross' decision to deny benefits was reasonable and rational, based on the facts. Defendant made representations in its letter and pamphlet which were capable of being interpreted differently and as shown, ambiguities were created. These ambiguities must be construed against the drafter of such representations. For this reason, the Court finds the decision to deny Mrs. McDaniel coverage was not reasonable based on the circumstances of this case.

Blue Cross should have been aware that the ambiguities created by its language would mislead plan beneficiaries like the McDaniels. In the future, however, Blue Cross can easily remedy this problem. As long as it clearly points out what guides its decision in determining coverage, and does not mislead its beneficiaries, lawsuits like the instant one will be no more.

In conclusion, the Court finds the plaintiffs are entitled to the requested sum of $5,723.13. This amount includes interest calculated at 6.26% per annum from the date suit was filed until the date of this order. The Court has discretion to award attorney's fees in this case. Plaintiffs' attorney is therefore directed to submit his request for such fees within 30 days of this Order.

---

al plan participants. On page three of the pamphlet Blue Cross states, "The pre-admission certification assures that you won't have any surprises about hospital coverage." This statement further illustrates Blue Cross' careless use of language and the deceptive nature of pre-admission certification.