**Randy J. SEIP, Plaintiff,**

**v.**

**D.G. COLEMAN, INC., and the D.G. Coleman, Inc. Employee Benefit Plan, Defendants.**

**Civ. A. No. 92–K–1302.**

United States District Court, D. Colorado.

Aug. 24, 1992.

Scott W. Lawrence, Denver, Colo., for plaintiff.

Timothy J. Parsons, Dean C. Heizer, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for defendants.

## ORDER DENYING SUMMARY JUDGMENT

KANE, Senior District Judge.

Plaintiff Randy J. Seip commenced this action on June 29, 1992. He asserts three claims for relief against his former employer and the employer's employee welfare benefit plan. First, he claims that the employer unlawfully withheld benefits under the plan in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). Second, he alleges that the plan breached its fiduciary duty, also in violation of ERISA. *See id.* §§ 1109, 1132(a)(2). Third, he brings a state law breach of contract claim against the employer, arguing that the company broke its promise to provide health insurance.

The defendants moved for summary judgment on July 17, 1992. They contend that Seip lacks standing to bring his ERISA claims because he never enrolled in the plan and was never eligible to receive benefits. In addition, they assert that his second claim, in which he seeks benefits based on a breach of fiduciary duty, fails to state a claim because any damages as a result of that breach are payable only to the plan, not to an individual beneficiary of the plan. Finally, they argue that his third claim, a state common law claim for breach of contract, is preempted by ERISA.

Seip has responded to the motion, claiming there is a genuine issue of material fact whether he was given reasonable notice that he was required to complete an enrollment application before he was eligible for benefits. Therefore, he argues, his ERISA claims survive summary judgment. Seip maintains that his second claim for breach of fiduciary duty is not defective because he seeks only lost benefits, not monetary damages. Lastly, he concedes that his state law claim for breach of contract is preempted by ERISA, but argues that if the court concludes that his first and second claim fail, his state law claim survives.

Summary judgment is proper when the record, viewed in the light most favorable to the non-movant, indicates there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *See Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991); *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). The defendants, as the moving parties, have the burden of demonstrating beyond a reasonable doubt that they are entitled to summary judgment. *Hicks v. City of Watonga, Okla.,* 942 F.2d 737, 743 (10th Cir.1991). If they meet this burden then Seip must set forth specific facts showing a genuine issue for trial on a material matter. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991); *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). Based on these standards, I deny summary judgment.

Seip's first claim is for the recovery of benefits under the plan. *See* 29 U.S.C. § 1132(a)(1)(B). The defendants have made a prima facie showing in their motion that Seip is not eligible for benefits because he never enrolled in the plan and is therefore not a "beneficiary" or "participant" with standing to sue. In his response, however, Seip has rebutted that showing by affidavit and documentary evidence indicating a genuine issue of fact over whether he was misled into believing that his enrollment was automatic upon completion of an initial probationary employment period.

Seip and his wife's affidavits directly contradict the assertion in Ms. Coleman's affidavit that she informed him that he must complete an application to be eligible for coverage. Furthermore, the note attached by Ms. Coleman to the plan materials is ambiguous as to this requirement. Mrs. Seip's affidavit indicates that other employees encountered similar problems. Thus, there is a genuine issue of material fact whether Coleman was properly advised of the application procedure, precluding summary judgment on his claim for benefits. *See Larsen v. NMU Pension Trust of the NMU Pension & Welfare Plan,* 902 F.2d 1069, 1073 (2d Cir.1990) (fact question as to whether plan representative's misrepresentation caused employee not to elect plan option precludes summary

judgement on spouse's claim for benefits under that option); *Berlin v. Michigan Bell Tel. Co.,* 858 F.2d 1154, 1163 (6th Cir.1988) (misleading communications to plan participants regarding plan administration, including eligibility, can support ERISA claim); *McDaniel v. Blue Cross & Blue Shield,* 780 F.Supp. 1363 (S.D.Ala. 1992) (plan administrator's denial of benefits improper in light of ambiguous information provided about eligibility).

■ Seip's second claim likewise survives summary judgment. This claim is premised on a breach of fiduciary duty in violation of ERISA. *See* 29 U.S.C. §§ 1109, 1132(a)(2). ERISA provides that a plan fiduciary who breaches his duty to the plan "shall be personally liable to make good to such plan any losses to the plan" resulting from the breach. *Id.* In *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985), the Supreme Court interpreted this language as precluding an individual plan beneficiary from recovering "extracontractual damages," such as compensatory or punitive relief, for his own benefit.

The defendants argue that because Seip seeks a monetary award, his claim for breach of fiduciary duty is improper. Seip, however, seeks only "unpaid medical and hospital expenses incurred." These damages are contractual and do not run afoul of *Russell. See Warren v. Society Nat'l Bank,* 905 F.2d 975, 977 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2256, 114 L.Ed.2d 709 (1991) ("ERISA provides only for recovery from a fiduciary of 'contractual' damages, i.e., damages for failure to pay to a participant or a beneficiary funds or other benefits to which the participant is entitled under the terms of the plans.").

■ Finally, the defendants argue that Seip's third claim for relief, for state law breach of contract based on the failure to provide health insurance as promised, is preempted by ERISA. This argument is premature. Seip alleges this claim only against his former employer, not the plan. As Seip correctly notes, his state law claim is preempted only if I determine that Seip

is not a "beneficiary" or "participant" entitled to relief under ERISA. Until I rule on this question, Seip may assert this claim as an alternative basis for recovery. *See Hospice of Metro Denver, Inc. v. Group Health Ins. of Okla., Inc.,* 944 F.2d 752, 754–56 (10th Cir.1991); *Deller v. Portland Gen. Elec. Co.,* 734 F.Supp. 916, 918 (D.Or. 1990); *Walker v. Mountain State Tel. & Tel. Co.,* 645 F.Supp. 93, 97 (D.Colo.1986).

Accordingly, the defendants' motion for summary judgment is DENIED.