**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**L. David GRABLE; Valerie A. Grable,**
**Defendants–Appellants.**

No. 93–1165.

United States Court of Appeals,
Sixth Circuit.

Argued April 25, 1994.

Decided May 25, 1994.

Doris D. Coles, Mark D. Lansing, Trial Atty., Daniel M. Houlf, Trial Atty., D. Patrick Mullarkey, U.S. Dept. of Justice, Tax Div:, Washington, DC, Janet A. Bradley (argued), Gary R. Allen, Acting Chief (briefed), Charles E. Brookhart, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, Edith A. Landman, Michael L. Schipper, Asst. U.S. Atty., Office of the U.S. Atty., Grand Rapids, MI, for plaintiff–appellee.

Carl L. Reagh (argued and briefed), Lansing, MI, for defendants–appellants.

Before: KENNEDY and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge, delivered the opinion of the court, in which KENNEDY, Circuit Judge, joined. BATCHELDER, Circuit Judge, delivered a separate concurring opinion.

CONTIE, Senior Circuit Judge.

Defendants-appellants, L. David Grable and Valerie A. Grable, appeal the order of the district court denying their Rule 60(b) motion for relief from judgment from the order denying the defendants' Rule 59(e) motion to set aside the district court's final order, confirming the sale of real estate to satisfy the defendants' outstanding tax liability. For the following reasons, the district court is affirmed.

I.

The United States commenced this suit against defendants L. David Grable and Valerie Grable in order to reduce to judgment their federal income tax liabilities for the taxable year 1979 and to foreclose its federal tax lien against certain real property belonging to defendants. This suit was initiated on December 11, 1989 in the United States District Court for the Western District of Michigan. On April 19, 1991, the district court entered judgment in favor of the United States. The court's order provided that the property located at 7234 W. Mt. Hope, Lansing, Michigan 48917 would be foreclosed and sold at public auction pursuant to 28 U.S.C. §§ 2001 and 2002. Defendants appealed and a panel of the Sixth Circuit affirmed the order of the district court. *United States v. Grable*, 959 F.2d 236 (6th Cir.1992).

On January 22, 1992, the property was sold at the Federal Building in Lansing, Michigan for the sum of $39,000. Defendants' attorney, Carl Reagh, attended the sale. The Marshal's report of sale indicated that a Notice of Sale of the property had been published in the *Lansing State Journal*, Lansing, Michigan, on December 23 and 30, 1991 and on January 6 and 13, 1992.

On March 2, 1992, the United States filed a petition for confirmation of the sale. Defendants filed a motion to set aside the sale of the property, contending that the sale took place in a county other than that in which the property was located, thus violating 28 U.S.C. § 2001.[1] Defendants contended that the property was located in the county of Eaton whereas the sale had taken place in the county of. Ingham.

In an amended order entered on July 13, 1992, the district court confirmed the sale of the property and denied defendants' motion to set aside the sale. On July 23, 1992, defendants filed a timely motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter and amend the judgment and for reconsideration. In support of their motion, defendants included the declaration of their attorney, Carl Reagh, stating that he had attended the Marshal's sale of the property and observed the property being sold in the wrong county.

The United States Marshal then submitted a declaration to the court stating that a

---

1. 28 U.S.C. § 2001 states in relevant part that the property shall be sold "at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located."

review of the record concerning the property at issue revealed that it was located in the county of Eaton, city of Lansing, state of Michigan. An amended Marshal's report of sale was submitted to reflect the correct location of the real property as being in the county of Eaton, instead of in the county of Ingham, as the original notice of sale had indicated.

On August 6, 1992, the district court denied defendants' motion for reconsideration pursuant to Rule 59(e) to set aside the order confirming the sale. The court observed that section 2001 requires that the property be sold "in the county, parish or *city*" in which the property is located. The court concluded that because the property was located in the city of Lansing and that it was sold from the courthouse in the city of Lansing, a violation had not occurred. The court further stated that defendants had not presented any evidence that the property was not located in the city of Lansing.

On September 2, 1992, defendants filed a Rule 60(b) motion for relief from the August 6, 1992 order denying their Rule 59(e) motion to set aside the sale. Defendants argued that the property was not located in the city of Lansing, but instead in the township of Delta, county of Eaton. In support of this contention, defendants attached a copy of the deed to the property to establish that the property was located in Delta township in Eaton County. They also attached a copy of a declaration from their attorney stating that he had lived in the city of Lansing for forty years and was familiar with the geographical boundaries of Lansing and that the property was not in the city of Lansing. Defendants also argued that the record contained a map showing that the western city limits of the city of Lansing on Mt. Hope Street was at Waverly Road and the property involved was west of Waverly Road and therefore could not be in the city of Lansing. Defendants also submitted a copy of the tax statement of Eaton County showing that the property was located in Delta township.

2. The Rule 59(e) motion was filed on July 23, 1992 within ten days of the entry of judgment,

On November 20, 1992, the district court issued an order denying defendants' motion for relief filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In its opinion, the court noted that even assuming the sale was made in the wrong location, defendants had failed to demonstrate any prejudice and had waited until the "eleventh hour" to bring this defense to the court's attention. The court concluded that taxpayers were either not diligent in discovering the matter sooner or had known for some time and had chosen to delay raising the issue. The court therefore found that defendants had essentially waived this defense and were estopped from making this argument, especially in light of the fact that they could not show any prejudice by the sale.

On January 19, 1993, defendants filed a notice of appeal from the district court's order dated November 20, 1992.

## II.

■ The United States argues that this court lacks jurisdiction to review the district court's amended order of July 13, 1992 confirming the sale of defendants' property because defendants took no appeal within 60 days from this order as required by Rule 4(a) of the Federal Rules of Appellate Procedure. The United States argues that defendants thus failed to properly appeal the underlying judgment. They contend that the district court issued a final order confirming the sale of defendants' property in an amended order dated July 13, 1992. Although defendants filed a timely Rule 59(e) motion for reconsideration, asking the court to set aside the amended order, within ten days of the amended order,[2] this motion only tolled the time for taking an appeal until the district court denied the Rule 59(e) motion for reconsideration by an order dated August 6, 1992. Defendant argues that although a timely Rule 59(e) motion suspends the time to appeal the underlying judgment until the court rules upon the motion, in the present case, defendants failed to file a timely appeal after the court ruled on the Rule 59(e) motion in

and, thus, was timely filed.

the order dated August 6, 1992. Instead, defendants filed a Rule 60(b) motion for relief from the August 6, 1992 order on September 2nd, 1992. Although a Rule 60(b) motion may be filed within one year from the entry of judgment, a Rule 60(b) motion does not toll the time to appeal the underlying judgment. The government argues that, therefore, in the present case, the time to appeal the underlying judgment was fixed by the date the Rule 59(e) motion was decided—August 6, 1992, and that an appeal had to be filed within 60 days from the August 6, 1992 order. This was not done in the present case, because an appeal was not filed until January 19, 1993.

■ We agree with the United States' argument. On July 13, 1992, in an amended order the district court confirmed the sale of defendants' property, which finally disposed of all the claims of all the parties and was a final judgment. After defendants filed a timely motion under Federal Rule of Civil Procedure, Rule 59(e), this motion tolled the time period for filing an appeal until the disposition of the Rule 59(e) motion. Rule 4(a)(4), Federal Rules of Appellate Procedure; *Peake v. First National Bank & Trust Co. of Marquette,* 717 F.2d 1016, 1019 (6th Cir.1983). In the present case, the time-tolling Rule 59(e) motion was denied by opinion and order of the district court dated August 6, 1992. Once the district court ruled upon the Rule 59(e) motion on August 6, 1992, an appeal had to be taken within 60 days in order to appeal from the underlying judgment and the order denying the Rule 59(e) motion. *Id.* at 1019–20. However, defendants did not file such an appeal. Instead, on September 2nd, 1992, they filed a Rule 60(b) motion for relief from the judgment of the August 6, 1992 order. A motion for post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure does not toll the running of the time for an appeal from the original judgment. *Browder v. Di-*

*rector, Dept. of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978); *Peake,* 717 F.2d at 1020.[3] In the present case, the district court denied the Rule 60(b) motion on November 20, 1992, and defendants filed an appeal on January 19, 1993.

Defendants argue that the district court filed a final order when it issued the order dated November 20, 1992, denying plaintiff's Rule 60(b) motion, because this order covered all previous orders, including the underlying judgment. This court in *Peake, Id.* at 1019–20, rejected a similar argument, finding that the lower court intended and the parties understood that the original judgment constituted the final judgment and that the subsequent motions filed would be time-tolling motions for the purposes of appealing the final judgment only if they were timely filed. In the present case, even if defendants' Rule 60(b) motion filed on September 2, 1992 is construed as a second motion for reconsideration under Rule 59(e), as plaintiff requests, it would not toll the time for taking an appeal, because it was not filed within ten days of the entry of the August 6, 1992 order. *Id.* at 1019. Therefore, there is merit to the United States' argument that this court lacks jurisdiction to review the district court's underlying judgment of July 13, 1992 confirming the sale of defendants' property, because defendants took no timely appeal within 60 days as required by Rule 4(a) of the Federal Rules of Appellate Procedure. Defendants filed a timely appeal on January 19, 1993 only in regard to the district court's denial of their Rule 60(b) motion for relief, which was issued on November 20, 1992.

As this court in *Peake* stated:

The ruling on the Rule 60(b) motion, however, was appealable in and of itself and plaintiffs' notice of appeal from that ruling was timely.

**3.** Under the newly amended Federal Rules of Appellate Procedure, a Rule 60(b) motion, which is timely filed within ten days after the entry of judgment, is a time-tolling motion. Fed.R.App. P. 4(a)(4)(F). The amendment became effective December 1, 1993, and may be applied to pending cases if just and practicable. Order of the Supreme Court of April 22, 1993. However, in the present case, the Rule 60(b) motion, which was filed on September 2, 1992, was not filed within ten days of the August 6, 1992 order denying plaintiff's Rule 59(e) motion to set aside the sale, and thus would not be time-tolling under the newly amended Rule 4(a)(4)(F) of the Federal Rules of Appellate Procedure.

Within the limited parameters of this Court's remaining jurisdiction, it "may review the ruling only for abuse of discretion ... and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."

*Id.* at 1020 (citations omitted). Therefore, in the present case, we have jurisdiction only to review the denial of the Rule 60(b) motion under an abuse of discretion standard.

### III.

■ We must next decide whether the *district court abused its discretion in denying* defendants' Rule 60(b) motion. We have jurisdiction only to review the issues discussed in the Rule 60(b) motion, not the Rule 59(e) motion or underlying judgment. Even though some of the same factual issues are raised, we do not review them de novo, but only under an abuse of discretion standard.

In denying defendants' Rule 60(b) motion, the district court stated the following:

Generally, the sale of property under § 2001 outside the county in which the land is situated is void. *Jones v. Rogers,* 85 Miss. 802, 38 So. 742 (1905). However, there are a number of exceptions to this rule. *Id.; See also Miners' Bank of Wilkes-Barre v. Acker,* 66 F.2d 850 (3d Cir.1933). For instance in *Miners' Bank* the Third Circuit held:

Another point raised against the validity of the sale is that the property was sold at the Federal Building in Scranton, and not at the courthouse in Wyoming or Susquehanna counties, where most of the property was located.... The sale should not have been there made and could have been prevented if objection on that ground had been seasonally made, but it was not, and, since the sale has been made, the pertinent question is whether or not actual damage has been suffered because the sale was made at an improper place. We do not think it

has, or that the rights of anyone was prejudiced thereby.

*Id.* at 853.

Thus, if a sale was made at an improper location under Section 2001, the party seeking to set-aside the sale must show prejudice. In this case, assuming that the sale was made in the wrong location, defendants have not shown any prejudice— nor have they attempted to show prejudice. Under the standard established in *Miners' Bank,* the Court finds that defendants have failed to show that "actual damage has been suffered because the sale was made at an improper place." *Id.* The Court notes that defendants have failed to cite any case law or other legal authority (other than to make reference to § 2001), or made any factual claim of prejudice, in support of their argument that this sale should be voided.

Moreover, defendants have waited until now, the "eleventh hour," to bring this defense to the Court's attention. It appears to the Court that defendants either recently learned that the property was allegedly not in the city of Lansing and were therefore not diligent in discovering this matter at an earlier time—or—defendants have known for some time that the property was allegedly not in the city of Lansing and therefore chose not to bring up this defense for whatever reason to this late hour. In either case, I find that defendants have essentially waived this defense. Defendants are estopped from making this argument, especially in light of the fact that they cannot show actual—or any— prejudice by this sale.

Accordingly, defendants "motion for relief from order denying motion to set aside amended order confirming sale" is denied.

Joint Appendix at 164–65.

■ We agree with this analysis of the district court. Even if one assumes that the sale in the present case was held in the wrong location because the property is not located in the city of Lansing,[4] defendants

---

**4.** The district court did not specifically decide this issue. The warranty deed indicates that the property is located in the township of Delta, rather than the city of Lansing. However, it is not clear from the record whether any part of the

city of Lansing is in Eaton county. It is noted that a more careful designation of the legal description of this property, instead of reliance on the mailing address, should have been used in the foreclosure sale.

failed to set forth any arguments before the district court that they were prejudiced by the sale. On appeal their only argument in this regard is that the sale may "create further litigation by someone to try to clear the title." However, potential litigation for a third-party purchaser does not establish any harm to defendants in the present case. In any regard, their argument has no merit, because a sale confirmed by the district court, even if erroneous, would not be subject to a collateral attack. *See Read v. Elliott,* 94 F.2d 55, 59 (4th Cir.1938); *Lansburgh v. McCormick,* 224 F. 874, 876 (4th Cir.1915). Thus, defendants have failed to establish that they were prejudiced by the sale. Moreover, the sale was in compliance with the intent of the statute, which is to require that the property be sold within a reasonable distance of where the property is located in order to bring a better price at the sale. Thus, defendants have not demonstrated that they have suffered any harm as a result of the location of the sale and we believe the district court correctly exercised its discretion in confirming the sale.

■ We also agree with the district court's estoppel argument. Defendants were aware that they believed the property was not located in the city of Lansing at the time of the sale, but made no protest. Defendants argue that the issue about whether the property was in the city of Lansing was not raised until the denial of their motion for reconsideration under Rule 59(e) when the issue was whether the property was in the county of Eaton or in the county of Ingham, and, therefore, there was no reason to raise this argument previously. This argument has no merit. Defendants received notice that the sale of the property would be in Lansing, Michigan, and defendants' attorney attended the sale of the property at the Lansing courthouse. In spite of the fact that in his affidavit he stated that he knew the property was not located in Lansing, he did not protest the sale being made from the courthouse of the city of Lansing. Defendants made no contention that the sale in the city of Lansing was erroneous until nearly a year after the property had been sold to a third party and after the court had already denied their motions objecting to the sale on two other occasions in which they failed to raise this defense. For these reasons, defendants are estopped from having the sale set aside. *See Lansburgh,* 224 F. at 876 (a sale held in the wrong location under the order of the court was not necessarily void). The court in *Lansburgh* stated that even "if the law were otherwise, Lansburgh's conduct in requesting the judge to have the decree of sale carried out as soon as possible, in advertising the sale by pamphlets, and making no objection, though present at the sale, and in filing exceptions to the report of sale, which made no allusion to the error of ordering the sale at Charleston, would estop him from now having the sale annulled after the rights of third parties have become involved." *Id.* at 876–77. We believe that similar concerns are raised in the present case. Defendants' attorney witnessed the sale and made no objection that the sale was taking place in the wrong location. In the first two motions to set aside the sale, there was no allegation that it was erroneous for the sale to take place in the city of Lansing, Michigan because it was actually located in the township of Delta. These actions would estop defendants from having the sale annulled after the rights of a third party have become involved.

For these reasons, we believe there was no abuse of discretion by the district court in confirming the sale of the property. The opinion of the district court is hereby AFFIRMED.

ALICE M. BATCHELDER, Circuit Judge, concurring.

I write separately only to emphasize that I would not want our decision here to be viewed as an endorsement of the government's sloppy practice of using only part of the legal description of the subject property in an action to foreclose a tax lien and sell the property. The description of this property contained in the defendants' warranty deed could not be clearer. It begins "... situated in the Township of Delta, County of Eaton, and State of Michigan, viz: ... " Had the government bothered to include that essential part of the description (without which the remainder is meaningless), the error in the location of the foreclosure sale easily could have been prevented.

The requirements of 28 U.S.C. § 2001 relative to the place of sale are intended to increase the probability that the property will be sold at a fair price, and the defendants have a right to have the property sold pursuant to those requirements. Because § 2001 permits sale of the property at the courthouse in the county or city in which the greater part of the property is located, the sale from the federal courthouse in Lansing of the property in issue here would only have been in violation of § 2001 if the property was not in fact located at least partially in the city, regardless of which adjacent county the property was also in. Here, the defendants clearly knew from the outset that their property was not located in the City of Lansing. However, they chose to wait until after the sale to object to the sale's location, and even then objected only to the designation of the county without making mention of the fact that no part of the property was located in the city. Only when this objection was not successful did they raise the claim that the property is not located within the City of Lansing. Under those circumstances, I agree that the district court cannot be said to have abused its discretion by holding that the defendants had waived any objection to the sale and denying the defendants' Rule 60(b) motion.