47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry WESLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5494.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and FEIKENS, District Judge.*
 
 ORDER
 
 2
 Henry Wesley appeals pro se from a district court judgment that denied a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. Sec. 2255. He also appeals the district court's subsequent order denying his motion for relief from judgment filed under Fed. R. Civ. P. 60(b). Wesley's appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 In 1989, Wesley pleaded guilty to possessing cocaine base for intended distribution. He was found to be a career offender under the sentencing guidelines, and he is now serving a term of 30 years of imprisonment and 4 years of supervised release as a result of this conviction. Wesley's sentence was affirmed by this court on direct appeal.
 
 
 4
 In his Sec. 2255 motion, Wesley alleged: 1) that his indictment was defective because it did not list the prior convictions that formed the basis of his sentence as a career offender; 2) that his counsel was ineffective at sentencing; and 3) that the 100 to 1 equivalency ratio of cocaine to cocaine base was arbitrary and unconstitutional. The district court denied this motion on April 23, 1992. The court found: 1) that Wesley's indictment was not defective and that he had waived any non-jurisdictional defect to the indictment by entering a valid guilty plea; 2) that there was no factual support for Wesley's Sixth Amendment claim; and 3) that the disputed 100 to 1 ratio was constitutional. As discussed more fully below, we do not have jurisdiction to review this judgment.
 
 
 5
 Wesley filed a timely motion to alter or amend the district court's judgment. The district court denied this motion on October 2, 1992, because it did not raise any legal arguments or facts that had not already been considered and decided against him. Wesley did not appeal this judgment, and it is not at issue here.
 
 
 6
 On February 1, 1993, Wesley served his Rule 60(b) motion on opposing counsel. In this motion, Wesley alleged: 1) that the Controlled Substances Act was only intended to punish offenses by individuals who were licensed or registered to dispense drugs; and 2) that his conviction as a career offender violated the Ex Post Facto Clause. The district court denied this motion on March 14, 1994, after finding that Wesley's first claim was frivolous and that his second claim reconstructed the same arguments that he had raised in his Sec. 2255 motion.
 
 
 7
 On March 28, 1994, Wesley filed a notice of appeal that referenced the district court's original judgment denying his Sec. 2255 motion as well as its subsequent order denying his Rule 60(b) motion. His brief on appeal contains a request for counsel.
 
 
 8
 Wesley's appeal from the district court's original judgment was not timely filed. The time for filing an appeal was tolled by Wesley's motion to alter or amend; however, his notice of appeal was still due 60 days after that motion was decided. Thus, Wesley had only until December 1, 1992, in which to file his appeal of the court's original judgment. Wesley's Rule 60(b) motion did not extend this deadline any further. See United States v. Grable, 25 F.3d 298, 301 & n.3 (6th Cir. 1994). Wesley did not file his notice of appeal until March 28, 1994. Therefore, this court lacks jurisdiction to review the district court's original judgment denying Wesley's Sec. 2255 motion.
 
 
 9
 The only judgment appropriately reviewed in this appeal is the district court's denial of Wesley's Rule 60(b) motion. Wesley specifically cited Rule 60(b)(4) and (b)(6) in this motion. His reliance on Rule 60(b)(4) is unavailing as that rule applies only when a judgment is void. Moreover Rule 60(b)(6) only applies in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in the original). The district court's denial of a Rule 60(b) motion is examined for an abuse of discretion on appeal. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989).
 
 
 10
 The district court did not abuse its discretion here, as the two arguments raised in Wesley's Rule 60(b) motion lack any merit. Wesley's conviction was authorized under 21 U.S.C. Sec. 841(a)(1), even though he was not licensed or registered to dispense drugs. In enacting this statute, "Congress was concerned with the nature of the drug transaction, rather than with the status of the defendant." United States v. Moore, 423 U.S. 122, 134 (1975). Furthermore, the use of Wesley's prior convictions to enhance his present sentence did not violate the Ex Post Facto Clause. Enhancing penalties under the sentencing guidelines because of prior convictions is "justified, as are repeat offender laws, because the heavier penalty for the offense is not an additional punishment for the earlier behavior but is a statutorily authorized punishment for criminal conduct that has occurred after the passage of the law." United States v. Ykema, 887 F.2d 697, 700 (6th Cir. 1989), cert. denied, 493 U.S. 1062 (1990); see also Parke v. Raley, 113 S. Ct. 517, 521-22 (1992).
 
 
 11
 Accordingly, Wesley's motion for counsel is denied, and the district court's judgment denying his Rule 60(b) motion is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation