66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darlene BANFIELD, et al., Plaintiffs-Appellants,
v.
Kenneth W. TURNER, et al., Defendants-Appellees.
 Nos. 94-3663, 94-3864.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1995.
 
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Plaintiffs appeal from the district court's order granting summary judgment to all defendants in this case, which involves claims of breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Secs. 1001-1461. Plaintiffs also appeal from the district court's order denying their Rule 60(b) motion. We affirm the district court's orders.
 
 I.
 
 2
 Darlene Banfield ("Mrs. Banfield") sued Dr. Kenneth W. Turner ("Turner"); Francis P. Gallagher ("Gallagher"); Thompson Plan Administration Company ("TPA"); William L. Miller ("Miller"); Peter Visnic ("Visnic"); and Crable, Miller & Visnic ("CMV") for alleged violations of their fiduciary duties under ERISA. Mrs. Banfield sued both in her capacities as executrix of her late husband's estate and as a beneficiary of his pension plan.
 
 
 3
 Dr. Harlow F. Banfield ("Dr. Banfield"), Mrs. Banfield's late husband, owned half of an incorporated medical practice called Anesthesiology Associates of East Liverpool, Ohio, Inc. ("AAELO"). Defendant Turner owned the other half of AAELO. Dr. Banfield also had a separate private medical practice. AAELO established two defined benefit pension plans in which both doctors participated and in which both doctors were named fiduciaries. Both doctors had to sign any checks drawn on the pension fund. Dr. Banfield apparently contributed income from his separate private practice into the AAELO fund. Mrs. Banfield alleges that Dr. Banfield contributed a total of $272,384 from his private practice income to the AAELO pension plans.
 
 
 4
 Defendants Miller, Visnic, and CMV provided accounting services to the AAELO plans. The accounting services included tax return preparation and plan financial statements, participant disclosure statements, and actuarial statements. Defendants Gallagher and TPA provided administrative services to the AAELO plans.
 
 
 5
 Dr. Banfield retired from AAELO on October 29, 1988, and began receiving monthly payments from both plans. After Dr. Banfield's death on February 17, 1989, Mrs. Banfield continued to receive payments from the pension plans until April 1991. Mrs. Banfield apparently became suspicious that she had not received all of the money to which she was entitled under the plans, because she hired the actuarial firm of Moskal, Jaras & Klein ("Moskal") to audit the plans. Moskal concluded in its report to Mrs. Banfield that Dr. Banfield had received a percentage of the plans' benefits equal to the percentage of his contributions, which allocation was proper. The Moskal report also found that "[t]he private practice income did flow through to the pension plans."
 
 
 6
 Mrs. Banfield's complaint contains three causes of action, all involving alleged breaches of fiduciary duty under ERISA. The first cause of action alleges claims of breach of contract, breach of fiduciary duty, and fraud against all defendants. The first cause of action also alleges that all defendants misappropriated Dr. Banfield's private practice income contributions. The second cause of action alleges that all defendants purchased an annuity for Turner in breach of their fiduciary duty of independence. The third cause of action alleges that Turner, Miller, and CMV breached their fiduciary duties by failing to collect repayment of loans made to Turner from the plan funds and allowing Dr. Banfield to make illegal contributions to the pension plans.
 
 
 7
 Defendants Miller, Visnic, Gallagher, TPA, and CMV based their motion for summary judgment on the ground that they were not fiduciaries under the plan and thus had no liability under ERISA. Defendant Turner moved for summary judgment on the ground that, although he was a fiduciary under ERISA, his actions with regard to the plan were reasonable and not arbitrary or capricious, and that he therefore could not be held liable under ERISA.
 
 
 8
 The district court granted all of the defendants' motions for summary judgment. Although the district court found that there was a genuine issue of material fact about whether defendants Gallagher and TPA were fiduciaries, it held that summary judgment in favor of all defendants was appropriate because Mrs. Banfield had presented no evidence of fraud, misappropriation, breach of contract, or arbitrary and capricious action, and thus Mrs. Banfield had not met her burden of showing a genuine issue of material fact.
 
 
 9
 The district court's granting of summary judgment is reviewed de novo. Guarino v. Brookfield Township Trustees, 980 F.2d 399, 403 (6th Cir.1992). An appellate court uses the same test used by the district court for determining whether summary judgment should be granted under Fed.R.Civ.P. 56(c), which requires that summary judgment must be granted if the pleadings, depositions, and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.
 
 
 10
 The moving party is entitled to summary judgment if it shows that the non-moving party has failed to establish an essential element of its case upon which it would bear the ultimate burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to avoid suffering summary judgment, the non-moving party must come forward with specific facts showing that there are genuine issues for trial and that the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party cannot rest on its pleadings, but must present supporting evidence on issues upon which it has the burden of proof. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The evidence submitted by the non-moving party must be sufficient for a jury to be able to decide in its favor on those issues at trial. Guarino, 980 F.2d at 403; Coffey v. Foamex L.P., 2 F.3d 157, 159 (6th Cir.1993). However, the evidence and all inferences to be drawn from it must be construed in the light most favorable to the non-moving party. Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir.1990).
 
 
 11
 The district court was correct that Mrs. Banfield has not shown a genuine issue of material fact on the allegations of breach of fiduciary duty. The defendants supported their summary judgment motions with affidavits and deposition testimony. Defendant Turner supported his motion with the Moskal report. The Moskal report, which was commissioned by Mrs. Banfield, expressly stated that the private practice income "flowed through" the pension plans and that Dr. Banfield received that to which he was entitled.
 
 
 12
 Mrs. Banfield presented no evidence that any fraud, breach of contract, or misappropriation occurred. She referenced deposition testimony in her response to the defendants' summary judgment motions, but the testimony did not support her claims. Mrs. Banfield also provided her own affidavit as support for her claims. However, her affidavit is not entitled to evidentiary weight because it contained mere conclusory restatements of the allegations in her complaint. Mrs. Banfield offered nothing more than her allegations to support her claims, which is insufficient to meet her burden of producing evidence to oppose a summary judgment motion supported by evidentiary materials. See Fed.R.Civ.P. 56(e) (opposing party must respond to properly supported affidavit with "specific facts showing that there is a genuine issue for trial.").
 
 
 13
 Although Turner admitted he was a fiduciary, the district court granted him summary judgment because his actions were not arbitrary or capricious. A fiduciary's decisions will be upheld under ERISA unless they are arbitrary or capricious. Cutting v. Jerome Foods, Inc., 993 F.2d 1293, 1295-96 (7th Cir.), cert. denied, 114 S.Ct. 308 (1993); Pokratz v. Jones Dairy Farm, 771 F.2d 206, 208-09 (7th Cir.1985). Fiduciaries are entitled to this level of deference only if the plan expressly provides them with discretionary authority. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) (fiduciary's decisions reviewed de novo unless plan gives discretion, in which case fiduciary's decisions are reviewed under more deferential standard); McDaniel v. Blue Cross & Blue Shield of Alabama, 780 F.Supp. 1363, 1364-65 (S.D.Ala.), aff'd without op., 977 F.2d 599 (11th Cir.1992). The record does not indicate whether the AAELO plans gave Turner such discretionary authority, but neither party has disputed that such authority exists in this case. Mrs. Banfield has not put forward any evidence to create a genuine issue of material fact about whether any of Turner's decisions were arbitrary or capricious. Moreover, Mrs. Banfield has not even put forward any evidence of a fraud, misappropriation, or breach of contract by another fiduciary that Turner knowingly failed to stop. On this record, Mrs. Banfield simply has not carried her burden of coming forward with evidence sufficient to create a genuine issue of material fact, and thus summary judgment was correctly entered against her.
 
 
 14
 The district court's finding that no misappropriation occurred also requires dismissal of Mrs. Banfield's breach of independence claim that was based on the purchase of the annuity for Turner. Since no misappropriation occurred, the purchase of the annuity was not a breach because it did not cause Turner to receive more than the amount to which he was entitled. Gallagher testified at deposition that the annuity was included in the calculation of Turner's benefits, and Mrs. Banfield provided no evidence to refute this testimony.
 
 II.
 
 15
 Mrs. Banfield also argues that the district court erred by not granting an oral hearing on the motions for summary judgment. Mrs. Banfield states that the district court's failure to hold an oral hearing somehow prejudiced her, but fails to explain how she was prejudiced. Rule 56 does not require an oral hearing on a motion for summary judgment. Hamman v. Southwestern Gas Pipeline, Inc., 721 F.2d 140, 142 (5th Cir.1983); Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir.1992) (parties' right to be heard on summary judgment motion is satisfied by the opportunity to submit briefs and supporting affidavits). Moreover, even when summary judgment is improperly entered against a party, that party must demonstrate prejudice in order to obtain relief on appeal. See Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984). Mrs. Banfield has not shown prejudice from the district court's failure to hold an oral hearing.
 
 
 16
 Finally, Mrs. Banfield argues that the district court erred by "requiring the Appellant to respond to the Motion for Summary Judgment when the Appellee's [sic] had failed to complete discovery." Brief of the Appellant at Table of Contents. Mrs. Banfield's brief states that the missing discovery consists of "checking accounts of the pension plans and the tax returns of Dr. Turner." Brief of the Appellant at 38. However, Mrs. Banfield apparently received the disputed bank statements, which were attached to her Rule 60(b) motion. Mrs. Banfield did not state in that motion that the bank statements were newly discovered evidence. Mrs. Banfield had more than nine months to respond to the summary judgment motions and to press for discovery. The record is devoid of any indication that she pressed for production of these documents after November 1993, more than three months before her summary judgment response was due. Because Mrs. Banfield did not press these claims, the district court and parties had no way of knowing that she believed discovery was incomplete. The district court did not abuse its discretion by requiring Mrs. Banfield to respond to the summary judgment motions more than nine months after the first one was filed, particularly since Mrs. Banfield did not bring any outstanding discovery to the court's attention.
 
 III.
 
 17
 Mrs. Banfield also appealed from the district court's denial of her Rule 60(b) motion. The district court's judgment should be affirmed. The district court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. United States v. Grable, 25 F.3d 298, 302 (6th Cir.1994).
 
 
 18
 Mrs. Banfield filed her Rule 60(b) motion on the same day she filed her notice of appeal from the district court's order granting summary judgment to the defendants. A timely notice of appeal divests the district court of jurisdiction, with limited exceptions. Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir.1993). Under Fed.R.App.P. 4(a)(4), a Rule 60(b) motion, if served within 10 days of the entry of judgment, would toll the time for appeal, the notice of appeal would be ineffective until the Rule 60(b) motion was resolved, and the district court would retain jurisdiction to rule on the Rule 60(b) motion. Here, however, Mrs. Banfield did not serve her Rule 60(b) motion within the 10-day period. Therefore, the time for appeal was not tolled, the notice of appeal was timely and was effective when filed, and the district court was divested of jurisdiction to rule on the Rule 60(b) motion. Grable, 25 F.3d at 301 n. 3 (Rule 60(b) motion not served within 10 days of judgment did not toll time for appeal).
 
 
 19
 Mrs. Banfield argues that her notice of appeal was filed only as a protective measure because the district court had not ruled on her pending motion for extension of time to appeal. After both the Rule 60(b) motion and the notice of appeal were filed, the district court granted Mrs. Banfield's motion for extension of time to appeal. Mrs. Banfield asserts that the notice of appeal should have been held in abeyance to allow the district court to rule on the Rule 60(b) motion, even though Mrs. Banfield never moved to withdraw or dismiss her notice of appeal after the extension was granted. Mrs. Banfield's argument is meritless. Courts cannot be required to read parties' minds. When a party has filed a notice of appeal and takes no steps to dismiss the appeal, courts must be able to assume that the party meant to file the appeal and live with its attendant consequences.
 
 
 20
 The district court's denial of Mrs. Banfield's Rule 60(b) motion was correct and thus was not an abuse of discretion.
 
 
 21
 For the reasons stated above, the district court's orders are AFFIRMED.