66 F.3d 325
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Lou HACKWORTH, administratrix of the estate of Delmar
Hackworth, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-6017.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Acting as the administratrix of her husband's estate, Mary Lou Hackworth appeals a district court order that denied her motion for relief from judgment filed under Fed.R.Civ.P. 60(b). The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The district court's underlying judgment affirmed the Secretary's denial of an application for social security disability benefits that had been filed by Mrs. Hackworth's late husband, Delmar Hackworth, in 1990. Mr. Hackworth alleged that he became disabled on September 1, 1987, due to musculoskeletal and pulmonary problems. An Administrative Law Judge ("ALJ") found that Mr. Hackworth was not disabled because a significant number of light jobs were still available to him. This opinion became the final decision of the Secretary on January 15, 1992, when the Appeals Council declined further review.
 
 
 3
 The district court granted the Secretary's motion for summary judgment on August 23, 1993. The court found that Mr. Hackworth's claim was barred by administrative res judicata insofar as he alleged a disability prior to December 13, 1988, that the ALJ had posed an appropriate hypothetical question to a vocational expert, and that substantial evidence supported the ALJ's finding regarding Mr. Hackworth's residual functional capacity. On September 10, 1993, Mrs. Hackworth filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). She offered a death certificate in support of this motion, which indicated that Mr. Hackworth had died on May 27, 1993, because of cardiopulmonary failure that resulted from a brainstem cerebral infarction. The district court denied the Rule 60(b) motion on June 6, 1994, and Mrs. Hackworth filed a timely appeal from this judgment on August 5, 1994.
 
 
 4
 A timely appeal was not filed from the district court's order, which awarded summary judgment to the Secretary on August 23, 1993. Mrs. Hackworth only had until October 22 1993, in which to file an appeal from that decision, and this period was not extended by her motion for relief from judgment under Rule 60(b). See United States v. Grable, 25 F.3d 298, 301 & n. 3 (6th Cir.1994). Consequently, the award of summary judgment is not directly at issue here, and the order denying Mrs. Hackworth's motion for relief under Rule 60(b) is the proper focus of this appeal. See id. at 302; Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1019-20 (6th Cir.1983).
 
 
 5
 Mrs. Hackworth argues that the death certificate is newly discovered evidence within the meaning of Rule 60(b)(2). That rule allows the district court to afford a party relief from a final judgment upon such terms as are just, if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Mrs. Hackworth's reliance on Rule 60(b)(2) fails for two reasons. First, it is clear that the death certificate was available several months before summary judgment was awarded to the Secretary. See Baxter Int'l v. Morris, 11 F.3d 90, 93 (8th Cir.1993). Second, the new evidence was not likely to change the outcome of the case, as Mr. Hackworth's death, almost two and a half years after the expiration of his insured status, would not require a remand to the Secretary for further administrative proceedings. See id.; Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 685 (6th Cir.1992).
 
 
 6
 Mrs. Hackworth now argues that the death certificate shows that her husband's death was caused by the same cardiopulmonary impairments that he had alleged in support of his social security claim. However, a careful reading of the certificate clearly indicates that the primary cause of death was a stroke, which then caused Mr. Hackworth's heart and lungs to fail. Mr. Hackworth did not allege stroke in his application for disability benefits, and Mrs. Hackworth did not show that a stroke was likely to result from the impairments that he had alleged. Even if such a connection could be made, Mr. Hackworth's death was too distant in time to change the Secretary's decision regarding his alleged disability. See Wyatt, 974 F.2d at 685.
 
 
 7
 Mrs. Hackworth also argues that justice requires relief under Rule 60(b)(6), which authorizes the court to grant such a motion for "any other reason justifying relief from the operation of the judgment." However, this clause only applies in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (emphasis in the original). The district court's discretion under Rule 60(b)(6) is especially broad given the equitable principles involved. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). The court did not abuse its discretion here because Mr. Hackworth had an adequate opportunity to build the medical record in his case. In addition, the evidence of his death could have been submitted several months before the district court granted summary judgment for the Secretary.
 
 
 8
 Accordingly, the district court's judgment is affirmed.