86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vasile TURCUS, Plaintiff-Appellant,
v.
LOCAL 67 PLASTERING; National Labor Relations Board,
Defendants-Appellees.
 No. 95-1722.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1996.
 
 1
 Before: BOGGS and MOORE, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 Vasile Turcus, proceeding pro se, appeals a district court judgment denying his motion which is construed as seeking relief from judgment under Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Turcus filed a complaint against the National Labor Relations Board and Operative Plasterers' and Cement Masons' Local 67. In a very confusing complaint, Turcus appears to have alleged that: 1) he was not paid by contract; 2) the defendants falsified (unspecified) documents; 3) the defendants threatened to kill him; 4) the defendants forced the court to find him guilty (of unspecified conduct); 5) the defendants "tapped" his phone; and 6) the defendants forced a sheriff to falsify (unspecified) reports. Turcus never perfected service, and a magistrate judge granted Local 67's motion to quash service of process. The district court ordered Turcus to show cause why his complaint should not be dismissed for failure to prosecute, but Turcus did not file a timely response. The district court dismissed the complaint without prejudice for lack of prosecution by an order entered on January 31, 1995. Thereafter, on April 11, 1995, Turcus filed a document entitled "Motion for Reconsideration." The district court denied the motion as without merit.
 
 
 4
 On appeal, Turcus appears to reassert his same claims.
 
 
 5
 Initially, we note that Turcus's post-judgment motion to reconsider was not served or filed within ten days after entry of judgment and hence is more properly construed as a motion seeking relief from judgment under Fed.R.Civ.P. 60(b). See United States v. Grable, 25 F.3d 298, 301 n. 3 (6th Cir.1994).
 
 
 6
 Upon review, because Turcus relies on fraud and misrepresentation by an adverse party, we construe the motion as seeking relief under Rule 60(b)(3). We conclude that the district court did not abuse its discretion when it denied Turcus's motion. See Lewis v. Alexander, 987 F.2d 392, 395 (6th Cir.1993). Turcus has not specified how the defendants lied to the court, nor has he presented any evidence indicating that either of the defendants engaged in misconduct. To the extent that Turcus argues that the defendants lied concerning the issue of service of process, his claim lacks merit. The record clearly reflects that he did not complete service of his summons and complaint on either of the defendants.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation