Na'im A. ABDUL–MATEEN, Plaintiff–Appellant,

v.

Bill MARTIN, et al., Defendants–Appellees.

No. 00–2496.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before SILER, CLAY, and GIBSON,* Circuit Judges.

Na'im A. Abdul–Mateen, a Michigan prisoner proceeding pro se, appeals the summary judgment for the defendants in this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Abdul–Mateen, formerly a prisoner at the Charles Egeler Correctional Facility, alleges that the defendant prison officials are liable under § 1983 for issuing him a

misconduct ticket on March 16, 2000 for keeping an untidy cell, finding him guilty of the violation in an administrative hearing that denied him the right to present a defense, sanctioning him to three days confinement in his cell which prevented him from attending religious services, and thereafter transferring him to the Kinross Correctional Facility in retaliation for filing this lawsuit. Abdul–Mateen sought monetary damages and injunctive relief against the defendants in their individual and official capacities. The district court, upon de novo review of a magistrate judge's report and recommendation, granted summary judgment for the defendants.

An appellate court's review of a grant of summary judgment is de novo. See Smith v. Ameritech, 129 F.3d 857, 863 (6th Cir. 1997). Summary judgment should be granted only where there is no genuine issue of material fact. See Fed.R.Civ.P. 56(c).

■ Upon review, we affirm the dismissal of Abdul–Mateen's procedural due process claim for a different reason than the reason stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). A claim for monetary and equitable relief complaining only of procedural defects in a prison disciplinary hearing which, if established, would imply the invalidity of the punishment imposed, is not cognizable under § 1983. See Edwards v. Balisok, 520 U.S. 641, 648–49, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Clearly, Abdul–Mateen's procedural due process claim, that defendant Powers did not allow Abdul–Mateen to present a defense to the misconduct charge during the disciplinary hearing, would implicate the validity of Abdul–Mateen's disciplinary conviction and is not cognizable under § 1983.

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Summary judgment was proper on Abdul–Mateen's substantive due process claim. The rights that Abdul–Mateen may enjoy under Mich. Comp. Laws § 791.251 et seq. are not fundamental rights protected by substantive due process. *See Valot v. Southeast Local Sch. Dist. Bd. of Educ.,* 107 F.3d 1220, 1233 (6th Cir.1997) (Ryan, J., concurring).

■ Abdul–Mateen did not exhaust his administrative remedies with respect to his First Amendment religious freedom claim and his retaliation claim. Nevertheless, the district court's judgment is affirmed on the ground that Abdul–Mateen's unexhausted claims satisfies 42 U.S.C. § 1997e(c)(2). Abdul–Mateen's restriction from religious services was pursuant to a legitimate governmental interest in the administration of prison security and safety. *See Turner v. Safley,* 482 U.S. 78, 90–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 350–53, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Spies v. Voinovich,* 173 F.3d 398, 403 (6th Cir.1999). Further, Abdul–Mateen failed to state a retaliation claim because no adverse action "that would deter a person of ordinary firmness from continuing to engage in that conduct" was taken against Abdul–Mateen. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Abdul–Mateen did not allege that his transfer to Kinross Correctional Facility prevented or deterred him from continuing to file pleadings in this action. Further, Abdul–Mateen did not allege facts to support his claim that the defendants were motivated at least in part to transfer him because he was working on the current lawsuit.

Summary judgment for defendant Martin was proper. Because Abdul–Mateen's fundamental right to practice his religion was not violated, *see Turner,* 482 U.S. at 89, 107 S.Ct. 2254; *O'Lone,* 482 U.S. at 348, 352, 107 S.Ct. 2400, defendant Martin cannot be held liable for his alleged "deliberate indifference" to Abdul–Mateen's three day confinement to his cell. Further, Abdul–Mateen has failed to come forward with evidence that defendant Martin encouraged or directly participated in the decision to confine Abdul–Mateen to his cell for three days for a minor misconduct violation. *See Poe v. Haydon,* 853 F.2d 418, 429 (6th Cir.1988).

Finally, Abdul–Mateen's claim that defendant Sprang was not entitled to absolute judicial immunity is moot since the district court amended its earlier order and granted defendant Sprang qualified, rather than absolute judicial immunity.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.