Jessie D. MCDONALD, Plaintiff–Appellant,

v.

Paul G. SUMMERS; State of Tennessee, Defendants–Appellees.

No. 01–5786.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

*ORDER*

Jessie D. McDonald appeals pro se from a district court order that denied his motion for relief from judgment filed under Fed.R.Civ.P. 60(b). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 2000, McDonald filed a civil rights case under 42 U.S.C. § 1983, challenging the validity of his 1974 conviction for obtaining an automobile license under false pretenses, in violation of Tennessee state law. The district court adopted a magistrate judge's recommendation and dismissed the case on February 27, 2001. The court held, *inter alia,* that McDonald had not shown that his conviction had been reversed or declared invalid by an appropriate tribunal. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). McDonald did not file a timely appeal from that judgment.

Instead, McDonald filed a motion for relief from judgment under Rule 60(b) and a motion to recuse the magistrate judge and the district court judge. The district court denied both of these motions on May 22, 2001, and it is from that order that he now appeals.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *United States v. Grable,* 25 F.3d 298, 301–02 (6th Cir.1994). Such an appeal does not bring the underlying judgment up for review. *Id.*

In his Rule 60(b) motion, McDonald generally argued that the magistrate judge and the district court judge were biased and that his claim should have been referred to a three-judge panel. However, he did not present any coherent challenge to the district court's rationale for dismissing his case. Therefore, the court properly denied his Rule 60(b) motion for the reasons that had previously been stated by the magistrate judge.

McDonald now primarily argues that dismissal was inappropriate in light of his request to refer the case to a panel of three district court judges and his motion to refer the case to the chief judge of our court for the appointment of such a panel. These arguments are unpersuasive because McDonald's request for a district court panel was implicitly based on former 28 U.S.C. § 2281, and that statute was repealed in 1976. Moreover, McDonald's current arguments do nothing to refute the district court's rationale for dismissing his civil rights case and denying his Rule 60(b) motion. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364; *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir.1995).

McDonald also continues to argue that the district court was biased against him. However, an independent review of the record reveals no evidence of extrajudicial bias or prejudice. *See United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit