**Rodney MILES, Petitioner–Appellant,**

v.

**Dennis M. STRAUB, Warden,
Respondent–Appellee.**

**No. 02–2164.**

United States Court of Appeals,
Sixth Circuit.

Feb. 4, 2004.

Rodney Miles, pro se, G. Robert Cotton Correction Facility, Jackson, MI, for Petitioner–Appellant.

Laura Graves Moody, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before MARTIN and MOORE, Circuit Judges; and WEBER, District Judge.*

## ORDER

Rodney Miles, a Michigan prisoner proceeding pro se, moves for counsel and appeals a district court order that denied his belated motion for reconsideration, which has been construed as a timely motion for relief from judgment under Fed. R.Civ.P. 60(b). The underlying judgment involved the denial of Miles's petition for federal habeas corpus relief filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 14, 1993, a jury in Detroit, Michigan convicted Miles of assault with intent to commit murder, assault with intent to rob while armed, and possession of a firearm during the commission of a felony. Miles was sentenced to two years in prison for the felony firearm conviction, followed by concurrent terms of eighteen to forty years in prison for the two assault convictions. The convictions and sentences were ultimately affirmed on direct appeal, and the Michigan Supreme Court denied Miles's application for leave to appeal. A subsequent motion for relief from judgment was denied by the trial court on

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

November 4, 1998, because Miles had not shown entitlement to relief under Michigan Court Rule 6.508(D). The Michigan Court of Appeals denied Miles's subsequent application for leave to appeal because, in its opinion, Miles failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). The Michigan Supreme Court denied leave to appeal for the same reason.

Thereafter, Miles filed his federal habeas corpus petition challenging: 1) the sufficiency of the evidence; 2) the effective assistance of trial counsel; 3) the in-court identification; 4) his sentencing; 5) the effective assistance of appellate counsel; and 6) the appellate court's denial of a motion to remand. The district court denied the habeas petition on the merits. Judgment was entered April 19, 2002. At the time the district court denied Miles's petition, the court indicated that a certificate of appealability could issue as to Miles's first claim, which challenged the sufficiency of the evidence of his underlying conviction, but not as to any other claim.

Ten business days later, Miles filed a motion to amend the judgment pursuant to Fed.R.Civ.P. 59(e). That motion was stricken from the district court docket by order entered July 16, 2002. On August 20, 2002, Miles filed a second motion to amend the judgment. This motion was denied by order entered September 13, 2002. Miles filed a notice of appeal on September 19, 2002.

On November 26, 2002, Miles filed an application to proceed on appeal in forma pauperis in the district court. He indicated that the issues he was appealing were: "(a) Violation 6th-Amend. Rights, (b) Ineff. Assistance of Trial Counsel, (c) Ineffective Assistance of Appellate Counsel, (d) Insufficient Evidence, (e) Fourteenth Amendment Violation, (f) Violation of 6th Amendment Right to Effective Representation." In an order entered December 16, 2002, the district court granted pauper status and issued a certificate of appealability as to Miles's insufficiency of the evidence claim.

In an order filed April 2, 2003, our court determined that Miles did not file a timely appeal from the April 19, 2002, judgment. However, the court construed the August 20, 2002, motion to amend judgment as a timely motion for relief from judgment under Fed.R.Civ.P. 60(b). In an order filed August 13, 2003, our court denied Miles a certificate of appealability as to the issues not certified by the district court.

The district court issued a partial certificate of appealability on the sufficiency of the evidence issue. Our court has declined to issue a certificate of appealability on any of Miles's other claims. Hence, appellate review is limited to the sufficiency of the evidence claim that was certified by the district court. *See* 28 U.S.C. § 2253(c); *Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000).

An appeal of a Rule 60(b) order does not bring the underlying judgment up for review. *United States v. Grable*, 25 F.3d 298, 301–02 (6th Cir.1994). Moreover, the residual clause of Rule 60(b), subsection (6), is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). The denial of a Rule 60(b) motion is reviewed for an abuse of discretion on appeal. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

With one exception (a prosecutorial misconduct claim), the August 20, 2002, motion to amend the judgment presented the same issues ruled upon by the district court, either expressly or by reasonable

implication. A Rule 60(b) motion is properly denied where the movant attempts to use such a motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Mastini v. Am. Tel. & Tel. Co.,* 369 F.2d 378, 379 (2d Cir.1966). The August 20, 2002, motion was Miles's latest attempt to relitigate the claims asserted in his habeas corpus petition. Because Miles sought to relitigate issues already decided, the district court acted within its considerable discretion by denying relief.

The district court did not address Miles's prosecutorial misconduct claim in its dispositive opinion. However, that claim was not raised in the habeas corpus petition and Miles has not shown that he exhausted state court remedies for the claim. *See Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Accordingly, the district court acted within its considerable discretion by denying the Rule 60(b) motion on this claim.

There are no unusual or extreme circumstances in this case, as Miles's sufficiency of the evidence claim is otherwise lacking in merit. The state court's determination—that the evidence presented at trial was sufficient for a conviction—did not result in a decision that was contrary to, or an unreasonable application of, *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.