James G. SARAH, Plaintiff–Appellant,

v.

Unknown HEIDTMAN, et al., Defendants–Appellees.

No. 03–2158.

United States Court of Appeals, Sixth Circuit.

April 29, 2004.

James G. Sarah, Munising, MI, pro se.

Before GUY, GILMAN, and COOK, Circuit Judges.

### ORDER

James G. Sarah, a Michigan prisoner proceeding pro se, appeals a district court order denying his motion to alter or amend judgment, construed as a motion filed pursuant to Fed.R.Civ.P. 60(b), in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Sarah is an inmate at the Alger Maximum Correctional Facility. He sued Corrections Officer Heidtman, Corrections Officer Hall, Sergeant DeVries, Assistant Deputy Warden R. Bobo, and Deputy Warden D. Bergh. In his complaint, Sarah alleged that the defendants falsely charged him with a minor misconduct infraction in retaliation for having filed lawsuits against various prison employees and in violation of his Fourteenth Amendment due process rights. He also claimed that the punishment imposed by defendant Hall as a result of Sarah's minor misconduct conviction, *i.e.*, being placed on water restriction for 15 days, constituted cruel and unusual punishment under the Eighth Amendment. He sought declaratory, injunctive, and monetary relief.

In an opinion and judgment entered May 2, 2003, the district court dismissed Sarah's retaliation and due process claims on the merits with prejudice, and dismissed his Eighth Amendment claim against defendant Hall for failure to exhaust administrative remedies. A motion to clarify the decision and provide copies of unpublished decisions was filed on May 9, 2003. The motion sought to have the district court explain what administrative remedies were available. The motion to clarify was denied by order of the magistrate judge entered June 13, 2003. Sarah filed a notice of appeal on June 24, 2003, from the June 13, 2003 order seeking to have the district court judge review the magistrate judge's order. By order entered June 27, 2003, the district court adopted the magistrate judge's order denying clarification. Instead of appealing, Sarah filed a motion for reconsideration, dated July 16, 2003, and filed on July 23, 2003, seeking reconsideration of the decision entered May 2, 2003. The district court construed this motion as a Fed.R.Civ.P. 60(b) motion and denied the relief sought in an order entered August 27,

2003. Sarah filed a notice of appeal on September 3, 2003.

Initially, we note that this court ruled in an order filed November 4, 2003, that Sarah's appeal is jurisdictionally defective with regard to the underlying judgment entered May 2, 2003. Therefore, the appeal was dismissed as it applied to the May 2, 2003 decision. Only the issues regarding the August 27, 2003 order that denied Rule 60(b) relief are properly before this court.

An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995) (collecting cases); *United States v. Grable,* 25 F.3d 298, 301–02 (6th Cir.1994). The denial of such a motion is examined for an abuse of discretion on appeal. *Hood,* 59 F.3d at 42. An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir. 1995).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).

Upon review, we conclude that the district court did not abuse its discretion in denying Sarah relief from judgment. In his motion, Sarah claimed that the district court erred in dismissing his complaint for failure to exhaust administrative remedies because he was on modified access and did not have any available remedies. However, as pointed out by the district court, a prisoner on modified access must make an attempt to obtain a grievance form from the Step I coordinator. *See* Mich. Dep't of Corr., Policy Directive 03.02.130, ¶ MM. (effective Nov. 1, 2000). Sarah did not allege that he took any such action. The burden to allege and show exhaustion belongs to Sarah. *See* 42 U.S.C. § 1997e(a); *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). Sarah failed to meet this burden. Accordingly, the Rule 60(b) motion was properly denied.

Sarah further claimed that the favorable termination doctrine does not apply to minor misconduct convictions, such as that received by Sarah, because minor misconduct convictions do not implicate the length of sentence since no good-time credits may be forfeited. However, as pointed out by the district court, the rationale to dismiss claims under the favorable termination doctrine applies equally to minor misconduct ticket convictions. *See, e.g., Abdul–Mateen v. Martin,* 20 Fed. Appx. 286, 287 (6th Cir.2001). Because Sarah has not shown that his minor misconduct conviction has been invalidated, his claim regarding this conviction is not presently cognizable. Accordingly, the Rule 60(b) motion was properly denied.

Accordingly, the district court's order is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.